**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

<u>**EASTERN DIVISION**</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No.: No. 07 CR 757 |
| Plaintiff, | **SENTENCING POSITION PAPER** |
| vs. | Judge J. Lefkow |
| **MIGUEL ZITLATL-ZAMORA,** | |
| **Defendant** | |

The Defendant, Miguel Zitlatl-Zamora, by and through his CJA counsel, Michael B. Mann, hereby objects to certain conclusions contained in the Presentence Investigation Report (PSR) pending in regard to this criminal case, and makes certain sentencing arguments about the appropriate final adjusted base offense level should be in regard to the relevant 3553 factors, as follows:

1. This Defendant does not object to most of the otherwise well prepared report of the Probation officer in regard to this matter, but does believe that certain conclusions in the PSR are in error.

2. This Defendant specifically objects to the application of the enhancement (see page 3, line 92 of the PSR) of 16 offense levels as unfair and unreasonable. The most recent cases (<u>RITA v. UNITED STATES,</u> 127 S. Ct. 2456, 2007 and <u>KIMBROUGH v. UNITED STATES</u>, No. 06-6330, decided December 10, 2007) attempting to determine the extent to which the district courts are bound by the Guidelines, seem to clearly indicate that the sentencing judge has great discretion in determining to what extent he/she shall deviate from the Guidelines in any given sentencing proceeding. The sentencing Court no longer enjoys the benefit of a legal presumption that a Guidelines sentence should apply. The cases seem to indicate that this is especially true when the

circumstances of the conviction (as explained to the Court by his common law wife and see lines 46-57 of the PSR) make clear that this conviction is questionable, at least in the sense that there was no "victim". Such circumstances also make the Defendant's criminal history "disproportionate" to what it truly is, and imposes unfair, disproportionate punishment upon him for the offense that he is presently being sentenced for. Clear appellate authority makes certain that the trial court can make drastic reductions from the guidelines when the circumstances call for it (see United States v. Ngatia, 477 F.3d 496, 7th Cir., 2007, where a reduction of 235 to 84 months was upheld on appeal). The ranges under §2L1.2 for unlawfully reentering were increased, over the last few years, four times - the most significant of which was the 16 level increase for re-entry after an "aggravated felony". That 16 level increase, the steepest increase in the Guidelines Manuel, was not required by Congress; was not supported by data or research, and was not explained in the Notes (see, Amy Baron-Evans, Enforcing the New Sentencing Law: Advanced Federal Criminal Appellate Practice, March 2006). The real evidence of the undue severity of the immigration guidelines is that for many years they have rarely been applied. In districts (such as ours) without "fast track" programs, defendants are receiving sentences double or more the average in cases such as this, simply because they are among those unlucky minority of illegals who get arrested in a district without a fast track program (Id. at page 16)

3. The Defendant points out that the Sentencing Commission has made the incredible disparity between "crack" and powder cocaine a basis for a *retroactive* reduction in the Guideline analysis. The Defendant respectfully points out that this "admission" is analogous to his present situation in that *his* unique 3553 factors should be considered in giving this Defendant a just punishment – that is, a sentence that is "*no greater than necessary"* in effectuating the goals of 18 U.S.C.§3553(a). This Court should reduce Mr.

Zamora sentence from the Guidelines range because, even though his prior conviction (page 6, PSR) of "Aggravated Criminal Sexual Abuse" may technically qualify for the enhancement as a "crime of violence" under §2L1.2, the real facts underlying the offense were relatively benign and did not involve any physical harm that might warrant the draconian imposition of such an enhancement. A sentence within the Guideline range in this case would result in a sentence that is disproportionately severe and not reasonably related to Zamora's culpability for the instant offense (see <u>United States v. Hernandez-Castillo,</u> 449 F.3d 1127 and <u>United States v. Trujillo-Terrazas,</u> 405 F.3d 817, 10th Cir. 2006).

4. Defendant respectfully points out that, while he did illegally reenter the United States, he did so *in order to* support his family, and, while that is no defense to the charges to which he has pled guilty, it is a mitigating circumstance that cannot be denied. Further, as a practical matter, the taxpayers of the United States would be supporting this Defendant. and his entire family (through other means), during the additional months the Guidelines "advise" he be sentenced to. And, at the end of whatever period of time this Honorable Court deems equitable, given the totality of factors at play here, he will be given free transportation back to Mexico. This makes no sense to the advocate for the Defendant and, hopefully, makes no sense to the Court as well.

5. Defendant respectfully takes issue with his criminal history as computed in the PSR. Defendant believes that, while he should receive 8 criminal history points (the first 4 convictions which he received for lying to police officers about his identity because of his "illegal" status), he should **not** receive points for any of the subsequent events as they relate to the alleged crimes regarding his (common law) wife, and could be considered as "double-counting" since they were taken into consideration when considering the 16

level enhancement. Therefore, Defendant submits that he should be considered a Category IV rather than a Category VI as the PSR concludes (line 227).

6. In short, Defendant respectfully contends that he is entitled to consideration of a sentence of 10-16 months, and if the Court determines that the range proposed in the PSR (line 365) is accurate, then Defendant alternatively proposes that a just and fair sentence would be, in such circumstances only, the minimum number of months in the range for this case.

7. The Defendant's BOL is 8 (line 76, PSR) and if the "enhancement" is refused (line 92) as argued, and if the Court accepts the Defendant's argument regarding his criminal history, the sentencing range for BOL 8 and Criminal History Category 4 is 10-16 months. Defendant respectfully asks, for his sake and that of his family, that the Court sentence him within this range so that he can return to Mexico as soon as possible and begin, again, to try and find employment that will allow him to provide for his family.

Respectfully Submitted,

S/_____
Michael Mann, CJA counsel for defendant

**CERTIFICATE OF ECF SERVICE**

The undersigned attorney, Michael B. Mann, hereby certifies that on March 31, 2008, in accordance with F.R.C.P.49, F.R.Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the following document:

Defendant Objections to PSR and Response to Government Objections to PSR

were served pursuant to the District Court's ECF System as to ECF filers and by the U.S. mail as to all other necessary parties, including:

Lisa Lopez Palmer, USPO                    Mr. Zamora, MCC,

55 East Monroe – S. 1500

Chicago, Ill. 60603

s/ <u>Michael B. Mann,</u> P.O. Box 641, Maywood, Ill., 60153   ---           1-630-258-9769

Dated this 18th day of March, 2008

MICHAEL B. MANN
PO BOX 641
MAYWOOD, ILLINOIS 60153
1-630-258-9769